# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>vs.<br><br>ROBERT THOMAS WELSH,<br><br>                             Defendant. | CASE NO. 18cr4219-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br>**[Dkt. 59]** |

      In 2019 Robert Thomas Welsh pleaded guilty to possessing a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); possessing a firearm with no serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(A)(i). The last offense carried a mandatory minimum sentence of 60 months that had to be imposed consecutively to any other sentence. The Court imposed a total custodial sentence of 90 months. Welsh, who is scheduled to be released from Bureau of Prisons ("BOP")

- 1 -

custody in February 2025, moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). He urges the Court to permit him to serve the balance of his custodial sentence in home confinement, principally because he is immunocompromised.

Under 18 U.S.C. § 3582(c)(1)(A), a court may under certain circumstances grant a defendant's motion to modify his term of imprisonment. The defendant must first petition the BOP to file the motion on his behalf. A court may not grant the motion unless the defendant fully exhausts his administrative rights with BOP. Assuming the exhaustion requirement is met, a Court may then use its discretion to modify or reduce the defendant's term of imprisonment after reconsidering the factors set forth in 18 U.S.C. § 3553(a). The Court must conclude that "extraordinary and compelling reasons" warrant the reduction. *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or. 2020)

Welsh maintains he has satisfied the exhaustion requirement because on April 20, 2020 his wife sent an email to the BOP facility where he is housed identifying his immunocompromised status. The BOP confirmed receipt of Mrs. Welsh's email on April 11, 2020 (ECF 59-1, p. 19). The Government argues that the email cannot be construed as a request for compassionate release or reduction in sentence because neither of those phrases are mentioned in the email. However, Mrs. Welsh's letter does mention "home confinement" and provides reasons that Welsh's sentence should be modified. Fairly construed, the email is a request for compassionate release. The Court finds Welsh has met the exhaustion requirement.

On the merits,[1] the Court finds the § 3553(a) factors continue to support the imposition of Welsh's original sentence. Welsh's offenses—possessing a machine gun and a gun with no serial number, conspiracy to distribute marijuana, and possessing a firearm during a drug trafficking crime—are unquestionably serious. As part of his plea, Welsh admitted that he was involved in trafficking firearms and that he acted as a distributor of marijuana. Welsh has served approximately 1 year of the 7-year sentence the Court imposed–only a fraction of the original sentence. Reweighing the § 3553(a) factors, the Court finds that they support Welsh's continued confinement–especially the need for a deterrence under § 3553(a)(2)(B).

The Court finds that Welsh hasn't demonstrated "extraordinary and compelling reasons" to warrant modification of his sentence. True, he underwent surgery to remove his spleen in 2001, but that was 19 years ago

---

[1] A question remains in this case, but it is not dispositive: Whether district courts have authority to grant a sentence reduction under § 3582(c)(1)(A) where the defendant's original sentence was based on a *mandatory minimum.* This is open to question. Some district courts in other circuits have found that the imposition of a mandatory minimum sentence doesn't deprive the court of the authority to later grant compassionate relief, *see, e.g., United States v. Bess*, 2020 WL 1940809 (W.D.N.Y. 2020) (granting a § 3582(c)(1)(A) motion and finding "no indication in the text of section 3582(c)(1)(A) that courts are limited to offering compassionate release only to those inmates who have satisfied their statutory-minimum terms of incarceration"). The Ninth Circuit hasn't addressed this issue, and this Court isn't sold on the notion that the out-of-circuit authority is correct. Compare *Koons v. United States*, 584 U.S.138 S. Ct. 1783, 1788 (2018) (sentence resulting from a statutory mandatory minimum was not based on the Guidelines and therefore ineligible for § 3582(c)(2) sentence reductions.) But because the Court denies Welsh's motion on the merits, it doesn't reach this issue.

when he was 16. Since then he has been healthy, and he is currently classified by the BOP as "Care Level 1"–a classification reserved for inmates younger than 70 years old who are in generally good health. Even if Welsh can technically be classified as immunocompromised, he is in such good health that after testing positive for COVID-19 in May 2020, he reported only mild symptoms over 5 days and he has since been asymptomatic. While the Court accepts Welsh's representations of his medical history, he has not shown that FCI Lompoc lacks the ability to manage his health concerns during the remainder of his sentence.

The Motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 2, 2020

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge